**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FELICIA TERRAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1027-SDD-SDJ** |
| **BEAU TIMOTHY BOUDREAUX, ET AL** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 20, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**FELICIA TERRAL**

**VERSUS**

**BEAU TIMOTHY BOUDREAUX, ET AL**

**CIVIL ACTION**

**NO. 25-1027-SDD-SDJ**

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 6) alleging that complete diversity does not exist between the parties as required by 28 U.S.C. §1332. The Motion is opposed (R. Doc. 10). For the reasons discussed below, the undersigned **RECOMMENDS** that the Motion to Remand be **GRANTED**.

## I. Background

Plaintiff initiated this action in the 21st Judicial District, Livingston Parish, State of Louisiana, on or about July 25, 2025. (Petition, R. Doc. 1-2). Plaintiff named Beau Timothy Boudreaux and Employers Mutual Casualty Company as Defendants. In her Petition, Plaintiff alleged that Defendant Boudreaux is a resident and domiciliary in the Parish of Livingston, State of Louisiana. (R. Doc. 1-2 at 1). Plaintiff alleged that Employers Mutual Casualty Company is a "foreign insurance company" authorized to do business in the State of Louisiana. (R. Doc. 1-2 at 1).

In her Petition, Plaintiff alleges that on September 8, 2024, she was driving southbound on Louisiana Highway 16 and was struck from behind by Defendant Boudreaux. (R. Doc. 1-2 at 1.). Plaintiff alleges the collision caused "serious injuries" and lists as damages physical pain,

suffering, and anguish; mental fright, shock, fear and anguish; medical expenses; loss of enjoyment of life; and economic loss such as lost wages. (R. Doc. 1-2 at 2.). Plaintiff alleged that at the time of the collision there was "in full force and effect an uninsured/underinsured policy of insurance" issued to Plaintiff by Employer Mutual Casualty Company, agreeing to cover any and all damage in excess of any available limits of liability insurance. (R. Doc. 1-2 at 2).

On November 10, 2025, Defendant Employer Mutual Casualty Company removed the matter to this Court, asserting federal diversity jurisdiction per 28 U.S.C. § 1332(a)(2). (R. Doc. 1). The Notice of Removal asserts that at the date of the filing of the Petition and the Notice of Removal, Employers Mutual Casualty Company is and was a company incorporated in Iowa with a principal place of business in Iowa. (R. Doc. 1 at 2). Defendant Employer Mutual Casualty Company admitted that as of the date of the filing of Petition, there was no diversity of citizenship as "Plaintiff and Defendant Boudreaux were both domiciled in Louisiana." (R. Doc. 1 at 2). However, Employer Mutual Casualty Company asserted that "a case may be removed upon 'receipt … of … [a] paper from which it may first be ascertained that the case is one which is or *has become* removable.'" (R. Doc. 1 at 2).

## II Removal Standard

A defendant may remove "any civil action brought in a state court of which the districts of the United States have original jurisdiction." 28 U.S.C. §1441(a). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

Diversity jurisdiction may predicate the removal of a civil action from state court to a federal court if jurisdictional requirements are met. 28 U.S.C. §1332. A removal action based on

diversity requires complete diversity of citizenship and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a)(1). For parties to be completely diverse, each person on one side of a controversy must be citizens of different states than each person on the opposing side of the controversy. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344 (5th Cir. 2004). Otherwise, opposing parties who are citizens of the same state would destroy complete diversity. *In re Levy*, 52 F.4th 244 (5th Cir. 2022). A person is a citizen of the state if they are a domiciliary of the State. *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974). Both requirements must be "facially apparent" at the time the complaint is filed in federal court and at the time it was filed in state court. *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

**III. Arguments of the Parties**

In her Motion to Remand, Plaintiff argues that Employers Mutual Casualty Company does not provide factual support for removal and that complete diversity does not exist between Plaintiff and Defendant Boudreaux, as required by 28 U.S.C. §1332. (R. Doc. 6 at 2). Plaintiff asserts that "Ms. Terral is a domiciliary of Denham Springs, Louisiana, and Beaux Boudreaux is a domiciliary of Walker, Louisiana. Complete diversity does not exist when the plaintiff shares citizenship with any defendant." (R. Doc. 6-1 at 3). Plaintiff argues that Employers Mutual Casualty Company "has failed to put forth any facts to demonstrate that the parties are completely diverse and thus, that federal jurisdiction is present." (R. Doc. 6-1 at 3). Plaintiff states that Employers Mutual Casualty Company alleged that Defendant Boudreaux would be dismissed as a party through the signing of a "Gasquet release". (R. Doc. 6-1 at 1). Plaintiff further explains, however, that "such dismissal has not occurred and will not occur". (R. Doc. 60-at 3.) Plaintiff argues that the insured, Defendant Boudreaux, remains a real party in interest and is not diverse from Plaintiff. (R. Doc. 6-1 at 2).

Employers Mutual Casualty Company submits that October 13, 2025, or October 31, 2025, at the latest, is the date on which it first ascertained that the case had become removable. (R. Doc. 10 at 2). Employers Mutual Casualty Company relies on an email dated October 13, 2025, in which Plaintiff counsel advised that GEICO, on behalf of Boudreaux, "paid their policy limits of $15,000." (R. Doc. 10-2). On October 31, 2025, Employers Mutual Casualty Company scheduled a 10.1 conference with Boudreaux, as responses to written discovery were overdue. (R. Doc. 10-3). Boudreaux responded that "the claims made by Felicia Terral against Beau Boudreaux and GEICO General Insurance Company resolved for the coverage limits of $15,000." (R. Doc. 10-3). Boudreaux's counsel then forwarded an email string with Plaintiff's counsel, showing that 1) GEICO has tendered the $15,000 to Plaintiff's counsel; and 2) Plaintiff requests a "Gasquet release". (R. Doc. 10-3; R. Doc. 13 at 20). The proposed "release documents," however, have not been signed. No party has produced any evidence of the completion of a settlement agreement or a signed agreement of release between Plaintiff and Defendant Boudreaux.

Employers Mutual Casualty Company argues that on October 13, 2025, or October 31, 2025, at the latest, it learned that Plaintiff "had effectively taken the resident defendant (Boudreaux) out of the case" and "this is when federal jurisdiction attached". (R. Doc. 10 at 2). Employers Mutual Casualty Company concedes that "Plaintiff may be sitting on the Boudreaux release and dismissal documents" but argues "that does not change the fact that a settlement exists between Plaintiff and Boudreaux." Employers Mutual Casualty Company also conceded that "on March 3, 2026, GEICO reissued its $15,000 settlement check to Plaintiff, as the previously issued check was going to go stale."

## IV. Discussion

Where a plaintiff has "effectively eliminated" the nondiverse defendant *via* a settlement, the case becomes removable. [1] "Louisiana lawyers use 'Gasquet' as a term of art to denote a type of release in which a plaintiff settles with and releases a defendant insured and its primary insurer, but reserves his or her right to pursue additional amounts available through the insured's excess insurance policy." *RSUI Indem. Co. v. Am. States Ins. Co*., 127 F. Supp. 3d 649, 657 (E.D. La. 2015), aff'd, 667 F. App'x 475 (5th Cir. 2016). "Accordingly, by executing a *Gasquet* release in a settlement agreement, a plaintiff (1) releases the primary insurer entirely, and (2) releases the insured from all claims which might be recovered from the insured directly, reserving claims against the insured only to the extent that collectible coverage is afforded by an excess insurance policy." *Id.* (internal quotation marks, alterations, and citation omitted). After a *Gasquet* release is executed, the insured remains in the lawsuit as a nominal defendant while the plaintiff pursues recovery from the excess insurer. *Id.*

"Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case. A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case." *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000). "In determining diversity jurisdiction, 'a federal court must disregard nominal or formal parties and

---

[1] *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 911 (5th Cir. 2000) (holding, in light of a binding and enforceable settlement agreement, that plaintiff "intended to abandon litigation against Sweeney, and he effectively eliminated the nondiverse defendant."); *Hargrove v. Bridgestone/Firestone North American Tire, LLC*, 10-cv-0318, 2012 WL 692410, at * 3-4 (W.D. La. March 2, 2012) ("Where, as here, there is a voluntary action by the plaintiff, i.e., the execution of settlement documents showing no intention of proceeding against those particular defendants, the case becomes removable" and further noting "the fact that the judgment of dismissal had not been signed by the State court is of no consequence – what matters is that there was an 'expression of intent by plaintiff which makes the case removable.' ") (internal citation omitted); *Landry v. Eagle, Inc.*, Civil Action No. 12-1022, 2012 WL 2338736, at * 3 (E.D. La. June 19, 2012) ("Settlement by a plaintiff with all nondiverse defendants has been held to render a case removable, provided the settlement is irrevocable, binding, and enforceable under state law.").

rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Bynane v. Bank of New York Mellon for CWMBS, Incorporated Asset-Back Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). "In determining whether a party is nominal, a court asks 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable.'" *In re Beazley Ins. Co.*, 2009 WL 7361370, at * 4 (5th Cir. May 4, 2009) (quoting *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quotation marks omitted)). The Fifth Circuit has stated that "the bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court."[2]

Here, the Court need not reach a decision whether Defendant Boudreaux is a nominal party or whether the proposed "Gasquet release" would create federal jurisdiction; no release agreement or settlement agreement has been executed. No party has produced evidence that Plaintiff has completed a settlement agreement releasing Defendant Boudreaux from liability. There is no evidence that Plaintiff has "effectively eliminated" Beau Boudreaux via a settlement or other voluntary act. Based on the record before the Court at this time, Defendant Boudreaux remains a real party in interest, and therefore, there is no complete diversity between the parties. As such, the court lacks subject matter jurisdiction, and thus remand is proper.

---

[2] *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir. 1991). *See also*, *id.* at 871 ("To establish that non-removing parties are nominal parties, 'the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'"). The Fifth Circuit has also found a party to be nominal "if its role is restricted to that of a 'depositary or stakeholder,' e.g., one 'who has possession of the funds which are the subject of litigation [and] ... must often be joined purely as a means of facilitating collection.'" *In re Beazley Ins.*, 2009 WL 7361370, at * 4 (citing *Union Oil Co.*, 458 F.3d at 367; *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).

## V. Conclusion

Considering the foregoing, the undersigned **RECOMMENDS** that the Motion to Remand (R. Doc. 10) be **GRANTED** and that this matter be remanded to 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 20, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**